UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN RAY WINERY, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CAMERON HUGHES, et al., <br><br> Defendants. | Case No. 25-cv-02925-JST <br><br> **ORDER RESOLVING ADMINISTRATIVE MOTION AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE** <br><br> Re: ECF No. 32, 33 |

Plaintiff Martin Ray Winery, Inc. initiated this action against Defendant Cameron Hughes on March 28, 2025. ECF No. 1. On June 12, 2025, Martin Ray Winery, Inc. filed an amended complaint adding Phoenix Wine Company, LLC as a plaintiff and The Négociant as a defendant. ECF No. 21. Plaintiffs filed a motion for preliminary injunction the next day. ECF No. 25.

On June 25, 2025, Defendants filed a motion to dismiss under Rule 12(b)(3). ECF No. 32. The next day, Defendants filed an administrative motion requesting the Court to extend briefing deadlines and continue the hearing date on Plaintiffs' motion for preliminary injunction as well as to stay discovery pending hearing on Defendants' motion to dismiss. ECF No. 33. Plaintiffs oppose the motion. ECF No. 35.

First, regarding Defendants' motion to dismiss, "where a party seeks dismissal to a nonfederal forum, the correct mechanism is the doctrine of *forum nonconveniens*." *Freedom Forever Procurement LLC v. Silfab Solar Inc.*, No. 24-CV-2452 W (BLM), 2025 WL 1101499, at *3 (S.D. Cal. Apr. 14, 2025) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013)). A Rule 12(b)(3) motion is not the proper vehicle for asserting a contractual provision governing venue because "[i]f venue is proper under federal venue rules, it does not matter for the purpose of Rule 12(b)(3) whether the forum-selection clause points to a

federal or a nonfederal forum." *Atl. Marine Const. Co.*, 571 U.S. at 60.  Accordingly, Defendants' motion to dismiss is denied without prejudice as to the refiling of a motion to dismiss on the grounds of *forum non conveniens*.  Any such motion shall be filed by July 18, 2025.

Second, Plaintiffs' motion for preliminary injunction is stayed[1] pending the Court's resolution of any refiled motion to dismiss—contingent on Defendants' filing of such a motion by July 18, 2025.  If Defendants do not file a new motion to dismiss by that date, they must instead file their opposition to the motion for preliminary injunction by July 18, 2025, with Plaintiffs' reply due 14 days after that.

Third, discovery in this action is also stayed pending the Court's resolution of any refiled motion to dismiss or until further order from the Court.

**IT IS SO ORDERED.**

Dated:  July 7, 2025

_____
JON S. TIGAR
United States District Judge

---

[1] Plaintiffs note that Defendants did not engage in scheduling discussions in good faith, given that (1) Plaintiffs accommodated Defendants' deadline and scheduling requests, resulting in a later hearing than would otherwise be the case, and (2) defense counsel failed to indicate that they would contest venue, seek a discovery stay, or seek to modify the agreed upon hearing date and briefing schedule in any of the parties' prior discussions.  *See* ECF No. 35 at 2–3.  All else being equal, such behavior could warrant denial of an administrative motion to extend deadlines.  Nevertheless, the Court finds that resolving Defendants' challenges to venue prior to hearing the motion for preliminary injunction would conserve both the parties' and the Court's resources.